FILED
JUL - 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA WOO,<br>CRYSTAL WILSON,<br>MEGAN GALLAGHER,<br>ALBERTO GUEVARRA,<br>PLAINTIFFS,<br><br>VS.<br><br>CHICAGO POLICE LT.<br>AL NAGODE, #742,<br>CHICAGO POLICE OFFICER<br>F. P. PONCE, #19590,<br>AND<br>THE CITY OF CHICAGO,<br>DEFENDANTS. | N 07CV3818<br>JUDGE DER-YEGHIAYAN<br>MAG.JUDGE BROWN |

## COMPLAINT

NOW COME the plaintiffs Melissa Woo, Crystal Wilson, Megan Gallagher and Alberto Guevara by and through their attorneys, Melinda Power of West Town Community Law Office and Robert W. Ludemann of James R. Fennerty & Associates, L.L.C., and complain against the defendants and allege as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983 et seq.; 28 U.S.C. Section 1331 and Section 1343(3); the Constitution of the United States; and pendent jurisdiction. The amount in controversy exceeds $10,000.00, exclusive of costs against each defendant.

## PARTIES

2. Plaintiffs Melissa Woo, age 23, Megan Gallagher, age 22, Alberto Guevara, age 19 and Crystal Wilson, age 23 are citizens of the United States.

3. Defendant Lt. Al Nagode was at all times material to this Complaint a Chicago Police Lieutenant. He is sued individually.

4. Defendant F.P. Ponce was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

5. All individual defendants were at all times material to this Complaint acting under color of law.

6. Defendant, City of Chicago, is a municipal corporation duly incorporated under the laws of the state of Illinois and is the employer and principal of defendant police officers.

## STATEMENT OF FACTS

7. On July 2, 2006, the plaintiffs were attending the Taste of Chicago. Some of the people who were present at the Taste of Chicago were handing out leaflets regarding military recruitment. All the plaintiffs were exercising their Constitutional rights to either free speech and /or freedom of assembly.

8. The defendants approached some people who were at the Taste of Chicago and told them to leave.

9. The defendants then began to arrest people, including the plaintiffs.

10. The plaintiffs were not doing anything illegal when they were arrested. Melissa Woo was discussing with the defendants her right to assemble; Megan

Gallagher had been taking photographs and Alberto Guevara and Crystal Wilson were standing watching the Taste of Chicago.

11. The defendants arrested the plaintiffs without probable cause or a warrant. The defendants took the plaintiffs to the 1st district police station.

12. As a result of the defendants' illegal actions, the plaintiffs were held in custody on July 2, 2006.

13. The plaintiffs were forced to post I-bonds in the amount of $1000.00 in order to be released and were ordered to appear in court.

14. The plaintiffs were charged with a violation of section 8-4-010 of the Municipal Code of Chicago, the city disorderly conduct ordinance. In order to have a jury trial, each plaintiff was required to pay $250.00. The plaintiffs did wish to exercise their right to a jury trial and did each pay $250.00.

15. The plaintiffs appeared in court on every court day they were required to appear.

16. The plaintiffs appeared on April 16, 2007 ready for trial. None of the defendants or any other witnesses for the City of Chicago appeared in court. The case was dismissed.

17. Defendants knew that they had information which, if communicated to the Corporation Counsel at any point during the pendency of the prosecution, would have resulted in the refusal to proceed with the quasi-criminal charges against the plaintiffs and /or the dismissal of all charges against the plaintiffs.

18. Defendants knew and intended that their withholding of information would result in the initiation of and continued malicious prosecution of plaintiffs. Defendants' withholding of information caused the false arrest and malicious prosecution to be initiated and to continue.

19. From July 2, 2006 to the present, all defendants continued to lie and withhold information from the Corporation Counsel and the court about the facts of the case.

20. All defendants knew that the arrests, detentions, and prosecutions of the plaintiffs could only be made based upon probable cause, and a reasonable officer in each of their positions would have known that there was not probable cause for the arrest, detention or prosecution of the plaintiffs.

21. All defendants had a duty to determine whether there was probable cause to justify the arrest and detention of plaintiffs, had a duty to act to prevent the prosecution, had a duty to testify truthfully in their reports and in court, had opportunities to act to prevent the prosecution and prevent the injuries and harm to plaintiffs, yet failed to take action to prevent the prosecution and prevent the injuries and harm to plaintiffs and in fact, engaged in specific acts and omissions, as more fully set forth above, calculated and intended to result in the continued prosecution of plaintiffs.

22. Defendants, acting both individually, jointly, and in conspiracy, directly and proximately caused the false arrest, pretrial detention and malicious prosecution of plaintiffs by the misconduct and unlawful acts set forth more fully above.

23. The acts and omissions of defendants, as set forth more fully above, were wanton and willful.

24. The defendants' false arrest and malicious prosecution of plaintiffs directly resulted in plaintiffs' damages as set forth in more detail below.

25. As a result of the false allegations made by defendants, the plaintiffs were held in custody on July 2, 2006.

26. Moreover, the plaintiffs have been severely traumatized as a result of defendants' actions. The plaintiffs suffered a loss of their liberty for a crime they did not commit, experienced mental and physical distress and anguish, experienced a lack of enjoyment in life, and were prevented from going about their regular business while the case was pending.

## COUNT ONE

### (Plaintiffs' 1983 Claim For False Arrest)

27. The plaintiffs reallege paragraphs 1-26 with the same force and effect as if fully set forth herein.

28. Subsequent to the illegal stop of the plaintiffs and without reason to believe that plaintiffs had committed an illegal action, the defendants illegally detained and arrested the plaintiffs. The defendants then prepared false reports to attempt to justify the arrest As a result of the defendants' illegal detentions, arrests and false reports of the plaintiffs, the plaintiffs were detained in custody. These actions by the defendants constitute false arrest under the Fourth

Amendment right to be free from unreasonable seizures and are actionable under 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiffs pray that this Court award them substantial money damages to compensate for the injuries caused by the defendants intentional or reckless and illegal act; and since defendants' actions were malicious, willful and /or wanton, plaintiffs demand punitive damages plus the costs of this action and attorneys' fees.

## COUNT TWO

**(Plaintiffs' Pendent State Claim for Malicious Prosecution**

**Defendants Nagode and Ponce)**

29. The plaintiffs reallege paragraphs 1-28 with the same force and effect as if fully set forth herein.

30. Defendants individually, jointly, and in conspiracy, maliciously and without probable cause, caused the false charging and prosecution of plaintiffs of one count of disorderly conduct, and defendants conspired to prepare arrest and case reports which falsely identified the plaintiffs as people who committed disorderly conduct.

31. The prosecution of plaintiffs was terminated in their favor and in a manner indicative of the plaintiffs' innocence. As a result of the malicious prosecution, plaintiffs were deprived of liberty as set forth above.

32. The actions of defendants in maliciously prosecuting plaintiffs constituted a violation of their rights under Illinois law to be free from malicious prosecution without probable cause and caused the injuries set forth above.

33. Defendants' actions in maliciously prosecuting plaintiffs were willful and wanton.

**WHEREFORE**, the plaintiffs demand judgment against all defendants for compensatory damages plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT THREE

**(745 ILCS 10/9 102 -Defendant City of Chicago)**

34. The Plaintiffs reallege paragraphs 1-33 with the same force and effect as if fully set forth herein.

35. Defendant City of Chicago is the employer of the individual defendants.

36. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**WHEREFORE,** should defendants be found liable on one or more of the claims set forth above, plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the defendant City of Chicago be found liable for any judgments plaintiffs obtain thereon against said defendants as well as for all attorney fees and costs.

Attorney for Plaintiffs

Melinda Power
West Town Community Law Office
2502 W. Division Chicago Illinois 60622
Tel: 773/278-6706 Fax: 773/278-0635
Atty No. 6181115

Robert W. Ludemann
James R. Fennerty & Associates, L.L.C.
36 S. Wabash, Suite 1310
Chicago, IL 60603
Tel: 312/345-1704 Fax 312/422-0708
Atty No. 6286750